# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EFRAIN FUENTES GAMEZ,<br><br>                          Petitioner,<br>v.<br><br>SCOTT SMITH, SAM OLSON, KRISTI NOEM, PAMELA BONDI, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>                          Respondents. | Case No. 25-CV-1957-JPS<br><br>**ORDER** |

       Petitioner Efrain Fuentes Gamez ("Petitioner"), who is currently detained by Respondents Scott Smith, Sam Olson, Kristi Noem, U.S. Department of Homeland Security ("DHS"), Pamela Bondi, and Executive Office For Immigration Review (together, the "Respondents") at the Dodge County Jail in Juneau, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Under Rule 4 of the Rules Governing § 2254 Cases, which can also apply to § 2241 petitions, *see* Rule 1(b), Rules Governing § 2254 Cases and Civ. L.R. 9(a)(2), the Court must review and screen the petition. As part of the screening process, the Court must dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing § 2254 Cases. This Order screens the petition.

1. **BACKGROUND**

On July 8, 2025, DHS adopted a new policy, pursuant to which all U.S. Immigration and Customs Enforcement ("ICE") employees are to "consider anyone inadmissible under [8 U.S.C.] § 1182(a)(6)(A)(i) to be an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A) and therefore subject to mandatory detention." ECF No. 1 at 2.[1] On September 5, 2025, the Board of Immigration Appeals ("BIA") adopted this position in a published decision, *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) (hereinafter "*Yajure Hurtado*"), classifying noncitizens like Petitioner as applicants for admission and statutorily ineligible for bond under § 1225(b)(2)(A). *Id.* at 2–3, 9.

Petitioner is a citizen of Nicaragua who has resided in the United States since May of 2014. *Id.* at 6. Before being detained by DHS, he lived in Fitchburg, Wisconsin. *Id.* at 14. During his time in the United States, Petitioner has remained gainfully employed, including most recently at an ice cream company in Wisconsin. *Id.* at 15. Also during his time living in the United States, Petitioner submitted an application for Asylum under 8 U.S.C. § 1158 and, in the alternative, Withholding of Removal under 8 U.S.C. § 1231(b)(3) or Relief under the Convention Against Torture (CAT) under 8 CFR § 1208.16(c), citing his "well-founded fear of persecution if returned to Nicaragua." *Id*.

---

[1]The "Interim Guidance" can be found at AILA, ICE MEMO: INTERIM GUIDANCE REGARDING DETENTION AUTHORITY FOR APPLICATIONS FOR ADMISSION, https://www.aila.org/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission [https://perma.cc/F8Y5-GCEG] (last visited Dec. 16, 2025).

On November 18, 2025, DHS arrested Petitioner when he was leaving his home to go to work with his brother. *Id*. at 14. DHS placed Petitioner in removal proceedings before the Chicago Immigration Court pursuant to 8 U.S.C. § 1229a. *Id*. ICE has charged Petitioner with, *inter alia*, being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. *Id*. Following his arrest and transfer to Dodge County Jail, ICE issued a custody determination to continue Petitioner's detention without an opportunity to post bond or be released on other conditions. *Id.* at 15.

On November 20, 2025, the Honorable Sunshine S. Sykes of the U.S. District Court for the Central District of California granted partial summary judgment in a nationwide class action challenging the new reading of § 1225(b)(2). *Lazaro Maldonado Bautista et al v. Ernesto Santacruz Jr. et al*, No. 5:25-cv-01873, ECF No. 81, (In Chambers) Order Granting Petitioner's Motion for Partial Summary Judgment and Denying Request to Enter Final Judgment (C.D. Cal. Nov. 20, 2025). In doing so, Judge Sykes found "that the government's expansive interpretation of 'applicants for admission' would effectively nullify a portion of the INA" in violation of separation of powers principles. ECF No. 1 at 4 (citing *Bautista*, ECF No. 81 at 16). On November 25, 2025, Judge Sykes certified a class consisting of the following: "All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination." *Bautista*, ECF No. 82, (In Chambers) Order Granting Plaintiff Petitioner's Motion for Class Certification (C.D. Cal. Nov. 25, 2025).

On December 3, 2025, Petitioner requested bond before the immigration court. *Id.* at 15. This request was denied because, per the immigration judge, "Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission," citing *Yajure Hurtado*. *Id.* Moreover, the court found Petitioner's appeal to *Bautista* unpersuasive, explaining that "the *Bautista* court has not yet issued a class-wide declaratory judgment or a class-wide injunction." *Id.* at 3.

As a result of the judge's denial of bond, Petitioner remains in custody and will presumably remain detained until his final immigration hearing. *Id.* at 2.

2. **SCREENING**

   2.1 **Screening Standard**

As noted above, the Rules Governing Section 2254 Cases apply to Petitioner. *See* Rule 1(b), Rules Governing Section 2254 Proceedings ("The district court may apply any or all of these rules to a habeas corpus petition" brought under § 2241); CIV. L.R. 9(a)(2). Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a screening or "preliminary review" of the habeas petition. At the screening stage,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .

Rule 4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, *Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976)), but not his legal conclusions.

Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted his claims appropriately and avoided procedural default, and set forth non-frivolous claims that are cognizable in a habeas petition. If those issues do not preclude a merits review of the claims, the Court directs the respondent—the individual in charge of the institution where the petitioner is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition. If any of those issues do preclude a merits review, however, the Court will dismiss the petition.

**2.2 Analysis**

Petitioner asserts three grounds for relief.

First, Petitioner contends that his continued detention under ICE's July 8, 2025 policy violates the plain language of the Immigration and Nationality Act, insofar as § 1225(b)(2) "does not apply to those who previously entered the country and have been residing in the United States prior to being apprehended and placed in removal proceedings by Respondents." ECF No. 1 at 16. Instead, such noncitizens are generally detained under § 1226(a). *Id.* Effectively, he argues that this policy and the BIA's opinion in *Yajure Hurtado* is contrary to law.

Second, Petitioner argues that the government's detention of him "without a bond redetermination hearing to determine whether he is a flight risk or danger to others violates his right to due process." *Id.* at 17.

Third, Petitioner alleges that he is a member of the bond-eligible class assessed by Judge Sykes in *Bautista*. *Id.* at 3–4, 17. Insofar as Respondents are parties to *Bautista*, Plaintiff contends that he is entitled to consideration for release on bond. *Id.* at 18.

Based on his petition, the Court cannot conclude that Petitioner is plainly not entitled to relief. None of his claims appear untimely, nor do they appear frivolous or non-cognizable in habeas corpus proceedings. Petitioner contends that exhaustion is "futile." *Id.* at 15. The Court cannot say at this stage whether exhaustion applies in this context. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (noting that exhaustion generally is not statutorily required for § 2241 petitions, but may be required at the district court's discretion, and that exhaustion may be required for certain immigration-related claims). If Respondents have a good-faith argument that exhaustion applies or should apply, they may raise it in response to the petition.

Under 28 U.S.C. § 2243:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

Accordingly, the Court will order Respondents to respond to the petition within three days of service. For good cause, the Court may grant Respondents a short extension if requested and properly supported.

### 3. CONCLUSION

The Court will permit Petitioner to proceed on his asserted claims for relief and will order this matter to proceed as specified below.

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall effect service of the petition and this Order upon Respondents pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within 3 days of receipt of service of the petition, Respondents shall file either an appropriate motion seeking dismissal of this action or answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondents file an answer, then the parties should abide by the following briefing schedule:

    a. Petitioner shall have 30 days after the filing of Respondents' answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondents in their answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

    b. Respondents shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within 30 days of service of Petitioner's brief, or within 45 days from the date of this order if no brief is filed by Petitioner.

    c. Petitioner may then file a reply brief, if he wishes to do so, within 10 days after Respondents have filed a response brief.

3. If Respondents file a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a. Petitioner shall have 30 days following the filing of Respondents' dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b. Respondents shall have 15 days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil Local Rule 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondents must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 16th day of December, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge